# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **DERRICK LAMARK LEWIS, SR.,** | : | |
| Petitioner, | : | |
| | : | No. 4:17-cv-00065-CDL-MSH |
| v. | : | |
| | : | |
| Warden WALTER BERRY, | : | |
| | : | |
| Respondent. | : | |

## ORDER

Petitioner Derrick Lamark Lewis, Sr., has filed a notice of appeal, in which he requests leave to pursue an out-of-time appeal. Notice of Appeal, ECF No. 34. Petitioner's motion for leave to proceed *in forma pauperis* on appeal is also currently before this Court for review. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 37.

Petitioner, an inmate in Autry State Prison in Pelham, Georgia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which this Court dismissed as untimely. Pet. for Writ of Habeas Corpus, ECF No. 1; Order, Sept. 17, 2018, ECF No. 25. Thereafter, Petitioner filed a motion to amend or correct the judgment, which tolled the time to appeal. Mot. to Amend/Correct J., ECF No. 27; *see* Fed.R.App.P. 4(a)(4). This Court denied the motion to amend the judgment on December 27, 2018. Order Adopting R. & R., ECF No. 30.

Five months later, on May 28, 2019, the Clerk of Court docketed Petitioner's notice of appeal, in which he requests leave to pursue an out of time appeal. Notice of Appeal,

ECF No. 34. To be timely, a petitioner must file his notice of appeal within thirty days after entry of the judgment or order from which he is appealing. Fed. R. App. P. 4(a)(1)(A). As noted above, the order denying Petitioner's motion to alter or amend the judgment was entered in this Court on December 27, 2018. Order, ECF No. 30. Thus, for Petitioner's notice of appeal to have been timely, it must have been filed by January 30, 2019, *see* Fed. R. App. P. 26(a)(1), (c) (regarding the calculation of time in federal case), which was not done.

Nevertheless, Rule 4(a)(6) allows the Court to reopen the time to file an appeal if (1) the Court finds that the moving party did not receive notice of the judgment or order sought to be appealed within 21 days of entry; (2) the motion is filed within 180 days after the judgment or order is entered or 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (3) the Court finds that no party would be prejudiced by reopening the time for filing an appeal. In an affidavit attached to his notice of appeal, Petitioner asserts that he did not receive notice of the entry of judgment until May 2, 2019. Attach. to Notice of Appeal, ECF No. 34-1. The record supports Petitioner's assertion in this regard, as the order denying Petitioner's motion to amend the judgment was initially returned to this Court as undeliverable, Mail Returned, ECF No. 31, and a new copy was subsequently mailed to Petitioner on April 30, 2019. Letter, ECF No. 33.

Thus, the Court finds that Petitioner did not receive notice of the order within 21 days of its entry and instead received such notice on May 2, 2019. Under Fed. R. Civ. P.

4(a)(6), in order to reopen the appeal period, Petitioner was then required to file his motion to reopen the appeal period by May 20, 2019. See Fed. R. Civ. P. 6(a)(1), (d) (regarding the computation of time). Here, Petitioner signed his notice of appeal and the attached affidavit on May 21, 2019, which was after the expiration of the fourteen-day period for filing a motion to reopen the appeal period. Thus, even giving Petitioner the benefit of the prisoner mailbox rule found in Federal Rule of Civil Procedure 4(c), his motion to reopen the appeal period was untimely. Accordingly, Petitioner's motion to file an out of time appeal (ECF No. 35) is **DENIED** as untimely, and his motion for leave to proceed *in forma pauperis* on appeal (ECF No. 27) is **DENIED AS MOOT**.[1]

**SO ORDERED**, this **16th** day of **July, 2019**.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1]Even if the notice of appeal had been timely, this Court would have denied Petitioner's motion for leave to proceed *in forma pauperis* and any request for a certificate of appealability as moot because this Court previously denied Petitioner a certificate of appealability when it initially dismissed the petition for a writ of habeas corpus. *See* Order, Sept. 17, 2019, ECF No. 25.